STATE of Alaska, Petitioner,

v.

Melissa SIVERLY, Respondent.

No. A–3819.

Court of Appeals of Alaska.

Dec. 27, 1991.

Joseph N. Levesque, Asst. Dist. Atty., Nathan A. Callahan, Dist. Atty. Kenai, and Charles E. Cole, Atty. Gen., Juneau, for petitioner.

---

David E. Gabert and Allan Beiswenger, Robinson, Beiswenger & Ehrhardt, Soldotna, for respondent.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

MANNHEIMER, Judge.

Melissa Siverly was charged with driving while her license was suspended, AS 28.15.-291. She asked the district court to suppress the evidence against her, challenging the legality of the traffic stop that led to the charge. Kenai Magistrate Lynn H. Christensen granted Siverly's suppression motion, and the State of Alaska petitioned this court for review. We granted the State's petition, and we now reverse the decision of the district court.

While on routine patrol on August 10, 1990, Kenai Police Officer Michael W. Ahlfors saw a van make a right turn from Bridge Access Road onto Beaver Loop Road. As the van made the turn, the driver's door flew open; the driver, Siverly, reached out and pulled the door closed. Based on this observation, Ahlfors believed that Siverly might be operating an unsafe vehicle. He pulled her over and then discovered that her driver's license had been suspended.

Siverly asserted, and Magistrate Christensen agreed, that Ahlfors's observation of the opening and closing of Siverly's driver's-side door did not give the officer a sufficient basis for stopping Siverly's vehicle. Magistrate Christensen ruled that the information available to Ahlfors did not give him reason to believe that Siverly was operating an unsafe vehicle.

We conclude that Ahlfors's stop of Siverly's vehicle was lawful. The Alaska Administrative Code, 13 AAC 04.002, forbids the driving of any vehicle "which is in an unsafe condition". A police officer "hav-

ing reasonable cause to believe that a vehicle is unsafe ... may require the driver of the vehicle to stop and submit the vehicle to an inspection and tests as may be appropriate." 13 AAC 04.006(a). And, under 13 AAC 04.007, a police officer is authorized to issue a citation to the driver of "a vehicle which is not in safe mechanical condition or properly equipped as required in this chapter or in AS 28." [1]

Magistrate Christensen concluded that "the mere observation of a door coming open, which was immediately closed by the defendant, is not sufficient to give rise to a reasonable suspicion that the vehicle was an unsafe vehicle". We disagree.

There are times when a driver, discovering that the driver's-side door is not tightly shut, will push the door open and then slam it closed. Such an action may not indicate any defect in the vehicle. But Ahlfors saw Siverly's door fly open without any propulsion from Siverly. Ahlfors could reasonably conclude, from this observation, that the door's latching mechanism was faulty and that the door was susceptible to swinging open under the force of momentum.

Such a defect would make Siverly's vehicle unsafe. When Siverly made right-hand turns or forceful stops, the door could swing open and hit oncoming traffic or pedestrians. We conclude that Ahlfors had reasonable cause to believe that Siverly's vehicle was unsafe and that, under 13 AAC 04.002, 006(a), and 007, he was entitled to stop the vehicle for inspection and possible citing of its driver.

Moreover, because Ahlfors had a reasonable suspicion that Siverly's vehicle presented a danger to the public, he was entitled to stop Siverly's vehicle under the line of cases beginning with *Coleman v. State*, 553 P.2d 40 (Alaska 1976). Magistrate Christensen decided that the stop of Siverly's car could not be justified under *Coleman* because "there was no other traf-

1. In his decision, Magistrate Christensen relied on AS 28.05.091, the statutory provision which authorizes police officers and other designated employees of the Department of Public Safety to impound vehicles which are so unsafe that they should not be driven. While this statute relates to the concern of vehicle safety, it is not precisely on point. The issue presented in Siverly's case is a police officer's authority to stop and cite the driver of an unsafe vehicle, not the officer's authority to impound the vehicle.

fic present at the time, and the officer observed no [moving] traffic violations or any erratic driving". But the *Coleman* line of cases does not require that an investigative stop be supported by proof of immediate danger or by unambiguous observations that the law is being violated. *See Ebona v. State,* 577 P.2d 698 (Alaska 1978), a case involving the investigatory stop of a suspected intoxicated driver. In *Ebona,* the officer observed Ebona's car swerving, going from the center line to the right-hand edge, but at no time did Ebona's vehicle leave its proper lane of travel. The Supreme Court upheld the investigatory stop in spite of the police officer's explicit concession that he never observed Ebona violate a traffic rule and that he watched Ebona make two correct turns. *Ebona,* 577 P.2d at 701 n. 12.

For these reasons, we find that Ahlfors's stop of Siverly's vehicle was proper. The decision of the district court is REVERSED, and this case is REMANDED to the district court for further proceedings.